UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA ANN MARIE GLOWICKI,            No. 18-12222

          Plaintiff,            District Judge Terrence G. Berg

v.            Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

_____ /

**REPORT AND RECOMMENDATION**

On July 10, 2018, Plaintiff Theresa Ann Marie Glowick filed a *pro se* complaint that appears to challenge the denial of Social Security Disability benefits.  The matter has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  I recommend that the complaint be DISMISSED WITHOUT PREJUDICE because Plaintiff has not yet exhausted her administrative remedies.

**I.    STANDARD OF REVIEW**

The Court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

**II.    DISCUSSION**

Attached to Ms. Glowicki's handwritten complaint is an order from the Appeals Council, dated June 7, 2018, stating that the Council "has received additional evidence which it is making part of the record."  That evidence is listed as "Request for Review Received April 6, 2018."  This document shows that Ms. Glowicki's application for Social Security Disability benefits is still pending before the Appeals Council, and that

-1-

the Appeals Council has not issued a final decision.

Matters arising under Titles II and XVI of the Social Security Act are subject to judicial review under the terms of 42 U.S.C. §405(g), which provides that:

> "Any individual, *after any final decision of the Commissioner of Social Security made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." (Emphasis added).

Section 405(g) is generally considered the sole avenue for judicial review under the Act. 42 U.S.C. §405(h); *Heckler v. Ringer*, 466 U.S. 602, 617 (1984). An indispensable requirement for judicial review under §405(g) is that there must have been a "final decision of the Commissioner..made after a hearing." In *Bowen v. City of New York*, 476 U.S. 467, 483 (1986), the Supreme Court stated that the "final decision" requirement has two elements: (1) exhaustion of administrative remedies prescribed by the Secretary and (2) the claim "shall have been presented to the secretary." *See also, Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).

The four-step administrative procedure for hearing disputed Social Security Disability claims is set forth at 20 C.F.R. §§ 404.900(a)(1)-(4), and includes (1) an initial determination, (2) reconsideration of the initial determination, (3) hearing before an Administrative Law Judge, and (4) review by the Appeals Council. *See Pohlmeyer v. Secretary of HHS*, 939 F.2d 318, 320 (6th Cir. 1991). In addition, 20 C.F.R. 404.900(a)(5) states that a "final decision" occurs "[w]hen you have completed the steps of the administrative review process," and that "[i]f you are dissatisfied with our final decision, you may request judicial review."

Because there is no final decision from the Appeals Council, Ms. Glowicki has not met the exhaustion requirement, and this Court therefore lacks subject matter jurisdiction.

## III.   CONCLUSION

I recommend that the Court *sua sponte* dismiss Ms. Glowicki's complaint for lack of subject matter jurisdiction, without prejudice to filing a timely complaint if the Appeals Council renders a final decision that is unfavorable to her.

Any objections to this  Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 30, 2018

-3-

**CERTIFICATE OF SERVICE**

I hereby certify on October 30, 2018, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 30, 2018.

s/Carolyn Ciesla
Case Manager to
Magistrate Judge R. Steven Whalen